UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| WENDY M., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner, Social Security Administration, <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. 1:24-CV-00208-MSM-PAS ) ) ) ) ) ) ) |

ORDER

Mary S. McElroy, United States District Judge.

This matter is before the Court on the plaintiff, Wendy M.'s, Motion to Reverse (ECF No. 11) and the defendant, Frank Bisignano, Commissioner of the Social Security Administration's, Motion to Affirm (ECF No. 12) the denial by an Administrative Law Judge ("ALJ") of Disability Insurance Benefits under 42 U.S.C. § 405(g). The plaintiff has objected to the Report and Recommendation ("R&R") of Magistrate Judge Patricia A. Sullivan (ECF No. 14), which recommends that the Court deny the plaintiff's Motion to Reverse and grant the defendant's Motion to Affirm.

On June 27, 2022, the plaintiff filed for Disability Insurance Benefits alleging disability due to fibromyalgia and irritable bowel syndrome ("IBS"). After denial at the initial and reconsideration phases, the ALJ held a hearing and issued a decision on April 29, 2022, finding that the plaintiff was not disabled. The Appeals Council

denied review, making the ALJ's decision the final decision of the Commissioner.  The plaintiff timely appealed to this Court.

Pursuant to the Federal Rules of Civil Procedure, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In reviewing the record, however, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive…."  42 U.S.C. § 405(g).  Finally, "[q]uestions of law are reviewed de novo…."  *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001).

The plaintiff objects that Magistrate Judge Sullivan erred in upholding the ALJ's evaluation of her fibromyalgia and pain under SSR 12-2p and SSR 16-3p, as well as the ALJ's treatment of her IBS symptoms.  She contends the ALJ improperly relied on boilerplate language, discounted the severity of her pain despite emergency-room visits and opioid treatment, and rejected the opinion of Nurse Practitioner Moylan without adequate explanation.  She further asserts that the ALJ minimized her IBS symptoms by noting their longstanding nature and improperly found her daily functioning inconsistent with her testimony.

But the Court finds that, as Magistrate Judge Sullivan correctly recognized, the ALJ accepted fibromyalgia as a medically determinable impairment but properly found that the plaintiff's subjective complaints were not fully consistent with the record.  (ECF No. 14 at 12-18.)  The ALJ considered extensive medical evidence, including largely normal physical examinations, conservative treatment recommendations, and the persuasive findings of the SSA's medical experts.  The ALJ

also properly weighed Nurse Moylan's opinion, crediting the portion consistent with the record while rejecting the unsupported limitations on absenteeism and off-task time. With respect to IBS, the ALJ reasonably found that plaintiff's longstanding symptoms had not prevented prior work, that episodes of severe diarrhea were episodic and often linked to infection, and that her testimony of disabling frequency was inconsistent with her own function report and other record evidence. Resolving conflicts in the medical evidence is the ALJ's role, and that determination must be upheld when supported by substantial evidence, as it is here.

This Court's review is independent, and after carefully reviewing the record, this Court reaches the same conclusion as Magistrate Judge Sullivan. The Court therefore ACCEPTS the R&R (ECF No. 14), adopting both the recommendation and reasoning set forth therein. Accordingly, the Motion to Reverse (ECF No. 11) is DENIED and the Motion to Affirm (ECF No. 12) is GRANTED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

September 17, 2025